IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

IN RE:    DISCIPLINE OF JOSEPH EDWARD HUDAK      :
          ATTORNEY PA I.D. 45882                  :
          A MEMBER OF THE BAR OF THE              :    MISC. NO. 03-547
          UNITED STATES DISTRACT COURT FOR        :
          THE WESTERN DISTRICT OF                 :
          PENNSYLVANIA                            :

## RECOMMENDATION TO BOARD OF JUDGES

At issue is whether the Court should impose reciprocal discipline on a lawyer, Joseph Edward Hudak ("Hudak"), who was suspended by the Supreme Court of Pennsylvania and who has not satisfied the preconditions to reinstatement. This member of the Court recommends imposition of reciprocal discipline such that Joseph Edward Hudak be suspended from the Bar of this Court for a period of one year and one day, with credit for four and one-half months served.

## PROCEDURAL HISTORY

On March 1, 2005, Hudak was suspended from the bar of the Commonwealth of Pennsylvania for a period of one year and one day, with credit for four and one-half months served.[1] On March 16, 2005, Chief Judge Ambrose issued an order to show cause why an identical order of suspension should not be entered by this Court. (Document No. 4).Thereafter, the matter was assigned to this member of the Court, pursuant to Local Rule 83.3.5(D).

---

[1] The instant miscellaneous action, #03-547, was initiated in October 2003, when this Court was first informed that Hudak was temporarily suspended from the state bar. On March 2, 2004, this Court's order of temporary suspension was dissolved and Hudak was reinstated to practice law in this Court, effective immediately.

Subsequently, the parties engaged in extensive briefing regarding the suspension of Hudak's privilege to practice law before this Court. Hudak has also raised numerous issues relating to the status of his state suspension. In a Supplemental Answer to Rule to Show Cause Based on New Issues That Now Exist Involving Reinstatement) (Document No. 12), dated November 28, 2005, Hudak stated: "it is believed, any discipline imposed by this Honorable Court is retroactive to the date of the state court suspension and is concurrent with the state court suspension. At this point, respondent should have had a reinstatement hearing, should be close to reinstatement in the state court, and should be advising this Honorable Court that the pending Rule to Show Cause is moot in all but its legal significance." Unfortunately, this straight-forward resolution of the matter did not occur.

On its face, the suspension imposed by the Pennsylvania Supreme Court expired on October 16, 2005. However, pursuant to Pennsylvania Disciplinary Enforcement ("P.D.E.") Rule 218(a), "No attorney suspended for a period exceeding one year ... may resume practice until reinstated by order of the Supreme Court after petition therefor pursuant to these rules." Hudak has not complied with the conditions precedent to filing such a petition. Specifically, P.D.E. Rule 531 states that "no person will be reinstated by the Supreme Court ... until the [Lawyers Fund for Client Security] has been repaid in full, plus ten percent per annum interest, for all disbursements made from the fund with respect to the dishonest conduct of such person." As detailed in the Report and Recommendations of the Disciplinary Board dated October 25, 2004, the Lawyers Fund for Client Security made numerous payments to Hudak's former clients. Hudak disputes whether the fund should have made these payments. However, it is clear from

the record that Hudak has not satisfied P.D.E. Rule 531 and has not filed a petition seeking reinstatement to the state bar. As of January 30, 2009, Hudak remained in suspended status.

## DISCUSSION

Pursuant to Local Rule 83.3.5(D), the judge to whom a disciplinary proceeding is assigned by the chief judge "may order and conduct a further hearing, or take testimony or hear argument" and shall "make a recommendation to the board of judges." After considering the recommendation, the board of judges shall enter an appropriate order "as it shall determine by a majority vote of the active judges in service at the next meeting of the board."

The issue before the Court is narrow: should attorney Hudak receive a reciprocal suspension from the bar of this Court? If an attorney admitted to practice before this Court is subjected to public discipline by any other Court, including a Court of a state or Commonwealth, Local Rule 83.3.3 contemplates the imposition of identical discipline by this Court. Pursuant to Local Rule 83.3.3(D), this Court shall impose the identical discipline "unless the attorney demonstrates, or this court finds, that upon the face of the record upon which the discipline in another jurisdiction is predicated it clearly appears that:" (1) the procedure was so lacking as to constitute a deprivation of due process; (2) there was a clear infirmity of proof; (3) imposition of the same discipline would result in grave injustice; or (4) the misconduct is deemed by this court to warrant substantially different discipline. Absent one of these conditions, the final adjudication of misconduct in the other jurisdiction is conclusive. L.R. 83.3.3(E).

As a preface, this matter is not moot. Contrary to the impression Hudak conveyed to the Court in November 2005, his suspension from the Pennsylvania bar remains in full force

3

and effect. Unfortunately, it has become increasingly clear that Hudak is unlikely to comply with the conditions necessary to lift his suspension by the Pennsylvania Supreme Court in a timely manner. Hudak remains in suspended status and extensive proceedings regarding repayment to the Client Security Fund may be necessary before Hudak is able to be reinstated to the state bar.[2] Accordingly, the issuance of a reciprocal suspension by the Court at this time would not be an empty gesture.

Turning to the merits of the inquiry, the Court is aware that "even in a reciprocal disciplinary proceeding arising following imposition of discipline in another court, a federal court has the power to determine who may be admitted to its bar." *In re Rodriguez*, 2008 WL 5273515 *7 (3d Cir. 2008) (unpublished) *(citing In re Surrick*, 338 F.3d 224, 230-31 (3d Cir.2003)). This member of the Court concludes that none of the exceptions to reciprocal discipline set forth in Local Rule 83.3.3(D) have been met as to Hudak. The Pennsylvania disciplinary proceeding more than satisfied the requirements of due process, for the reasons set forth in the Brief in Reply to Answer to Rule to Show Cause (Document No. 9).[3] There was no "infirmity of proof." To the contrary, the proof against Hudak was quite compelling, as detailed in the Pennsylvania Disciplinary Board's 33-page Report and Recommendation. Imposition of the same discipline by this Court would not result in grave injustice. Local Rule 83.3.3 clearly puts counsel on notice that such reciprocal discipline is to be expected. In this case, the delay in

---

[2] These issues do not implicate Local Rule 83.3.3.

[3] This member of the Court concludes that further hearing, testimony and/or argument is not necessary. The "face of the record" upon which the Pennsylvania Supreme Court imposed discipline is comprehensive and Hudak has had a thorough opportunity to be heard. There is no entitlement to a de novo trial. Rather, this Court need only determine whether the underlying state record reveals the infirmities set forth in L.R. 83.3.3(D). *In re Surrick*, 338 F.3d at 232.

4

suspending Hudak from the bar of this Court has provided him with a fortuitous and unmerited windfall, in that he has been permitted to practice in federal court during the pendency of this matter even while under suspension by the state bar. *See, e.g.*, Local Rule 83.3.7(A): "An attorney suspended for more than three (3) months or disbarred may not resume practice until reinstated by order of this court." Finally, Hudak's conduct does not warrant substantially different discipline, and certainly not lesser discipline. The Report of the Disciplinary Board recommended a suspension of two years, with three members dissenting and recommending a three-year suspension. Only one Disciplinary Board member recommended a suspension of one year and one day. Similarly, Justice Eakin dissented from the Pennsylvania Supreme Court's decision and would have suspended Hudak for two years. In summary, there is certainly no basis to suspend Hudak for a period less than one year and one day.

In accordance with the foregoing, this member of the Court recommends that the United States District Court for the Western District of Pennsylvania impose discipline on Joseph Edward Hudak reciprocal to that imposed by the Supreme Court of Pennsylvania. Specifically, Joseph Edward Hudak should be suspended from the bar of this Court for one year and one day, with credit for four and one-half months served.

An appropriate Order follows.

Dated: February 27, 2009

Terrence F. McVerry<br>United States District Court Judge

cc:     Board of Judges