IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| IN RE: DISCIPLINE OF JOSEPH EDWARD HUDAK<br>ATTORNEY PA I.D. 45882<br>A MEMBER OF THE BAR OF THE<br>UNITED STATES DISTRACT COURT FOR<br>THE WESTERN DISTRICT OF<br>PENNSYLVANIA | :<br>:<br>:<br>:<br>:<br>: | MISC. NO. 03-547 |

**MEMORANDUM ORDER**

Pending before the Court are the following motions filed pro se by suspended attorney Joseph Edward Hudak: MOTION TO DISQUALIFY COUNSEL (Document No. 42); and MOTION FOR HEARING ON MOTION TO DISQUALIFY COUNSEL (Document No. 44). The Office of Disciplinary Counsel of the Disciplinary Board of the Supreme Court of Pennsylvania (hereafter "Office of Disciplinary Counsel") has filed a response in opposition to the Motion to Disqualify Counsel (Document No. 43) and Hudak has filed a reply (Document No. 45). Also pending is attorney Hudak's MOTION FOR HEARING PURSUANT TO LOCAL CIVIL RULE 83.3 G 3 (Document No. 25), to which the Office of Disciplinary Counsel and the Pennsylvania Lawyers Fund for Client Security ("PLFCS") have filed responses (Document Nos. 31, 39). The motions are ripe for disposition.

Motion to Disqualify Counsel

Joseph Edward Hudak is seeking reinstatement to the Bar of this Court. In December 2010, Hudak filed a MOTION TO APPOINT COUNSEL FOR INVESTIGATION AND RECOMMENDATION PURSUANT TO LOCAL CIVIL RULE 83.3 G 3 (Document

1

No. 24), in which he sought appointment of an "independent" attorney to conduct an investigation and recommendation regarding his Petition for Reinstatement. On January 19, 2011, the Court granted Hudak's motion in part and denied it in part and appointed attorney Samuel F. Napoli of the Office of Disciplinary Counsel to conduct the investigation. The appointment of attorney Napoli was in accordance with Local Rule 83.3(B)(1), which expressly provides that "in the event a petition for reinstatement has been filed by a disciplined attorney, the Chief Judge shall in his or her discretion and with prior agreement of the Disciplinary Board of the Supreme Court of Pennsylvania appoint as counsel attorneys serving in the Office of Disciplinary Counsel of the Disciplinary Board . . . ." In its January 19, 2011 Order, the Court further explained that it "is satisfied that attorney Napoli does not have a disqualifying conflict of interest and his appointment is a prudent use of judicial resources due to his familiarity with the circumstances of this matter." Napoli has been a counsel of record in this matter since 2005.

In the instant motions, Hudak reiterates his objection to the appointment of attorney Napoli and seeks an evidentiary hearing to attempt to demonstrate a disqualifying conflict of interest. In essence, Hudak contends that Napoli should be disqualified because he is employed by a "party opponent." The Court is not persuaded. It was Hudak's personal decision to file his Petition for Reinstatement at the existing Miscellaneous Case, No. 03-547, rather than commencing a new action. Moreover, an attorney-reinstatement proceeding is fundamentally different from a typical civil action in that the interests of the Office of Disciplinary Counsel are not directly adverse to those of attorney Hudak. Indeed, when a

petition for reinstatement is filed by a suspended attorney such as Hudak, this Court's Local Rule 83.3(B)(1) contemplates that an attorney from the Office of Disciplinary Counsel may be appointed to perform an investigation and recommendation. The Court reiterates its determination that attorney Napoli does not have a disqualifying conflict of interest and that the appointment of attorney Napoli is appropriate and prudent.

In accordance with the foregoing, the MOTION TO DISQUALIFY COUNSEL (Document No. 42) is **DENIED.** The MOTION FOR HEARING ON MOTION TO DISQUALIFY COUNSEL (Document No. 44) is **DENIED AS MOOT.**

Motion for Hearing on Petition for Reinstatement

Pursuant to Local Rule 83.3(G)(3), the Judge assigned to preside over a Petition for Reinstatement shall schedule a hearing "if necessary." It is petitioner's burden to demonstrate by clear and convincing evidence "that he or she has the moral qualifications, competency and learning in the law required for admission to practice law before this Court and that his or her resumption of the practice of law will not be detrimental to the integrity and standing of the bar or to the administration of justice, or subversive of the public interest." *Id*. The Judge assigned to the matter shall make a recommendation to the Board of Judges, which shall enter an appropriate order as determined by majority vote. *Id*. As noted above, Hudak filed a Petition for Reinstatement at Misc. No. 03-547, which had previously been assigned to this member of the Court. *See* Local Rule 40(G) (No Transfer of Actions).

The parties have had ample opportunity to fully develop the evidentiary record. Attorney Napoli filed a Report of Investigation and Recommendation under seal on March 10, 2011 (Document No. 50). Hudak filed a response to the Report on March 28, 2011 (Document No. 51). There are no material disputes of fact, and any such disputes will be viewed in the light most favorable to Hudak. The Court will assume that Hudak can demonstrate, by clear and convincing evidence, that he has the requisite moral fitness, competency and learning in the law to be reinstated. In particular, the Court accepts that Hudak has completed thirty-nine Continuing Legal Education ("CLE") credits, twelve and one-half of which are in ethics, as set forth in his response. For reinstatement, the Disciplinary Board of the Supreme Court of Pennsylvania requires thirty-six CLE credits, with a minimum of twelve in ethics. It is also undisputed that Hudak has not been reinstated to the bar of the Supreme Court of Pennsylvania. Hudak contends that state court reinstatement is not a prerequisite for reinstatement to the bar of this Court. This is the only issue remaining in the case and it requires a policy – not a factual – determination. Accordingly, a hearing is not "necessary" in this matter. Hudak's Petition for Reinstatement to the bar of this Court will be decided by a vote of the Board of Judges of the Western District of Pennsylvania after due consideration at an upcoming meeting.

In accordance with the foregoing, the MOTION FOR HEARING PURSUANT TO LOCAL CIVIL RULE 83.3 G 3 (Document No. 25) is **DENIED**.

SO ORDERED this 20th day of April, 2011.

BY THE COURT:

s/ Terrence F. McVerry
United States District Court Judge

cc:  Joseph E. Hudak
5516 Elgin Street
Pittsburgh, PA 15206
Email: sjz138@aol.com

Samuel F. Napoli
Office of Disciplinary Counsel
400 Union Trust Building
501 Grant Street
Pittsburgh, PA 15219
Email: samuel.napoli@pacourts.us

Thomas E. Reilly
Thomas E. Reilly, P.C.
2025 Greentree Road
Pittsburgh, PA 15220
Email: lcrown@tomreillylaw.com