IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE: DISCIPLINE OF JOSEPH EDWARD ) <br> HUDAK, ATTORNEY PA I.D. 45882 A MEMBER ) <br> OF THE BAR OF THE UNITED STATES ) <br> DISTRICT COURT FOR THE WESTERN ) <br> DISTRICT OF PENNSYLVANIA, ) | 2:03-mc-547 |

## RECOMMENDATION TO THE BOARD OF JUDGES

For decision by the Board of Judges is the PETITION FOR REINSTATEMENT TO THE BAR OF THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF PENNSYLVANIA (Document No. 23) filed by suspended attorney Joseph Edward Hudak ("Hudak").

PROCEDURAL HISTORY

By Order dated March 1, 2005, Hudak was suspended from the bar of the Supreme Court of Pennsylvania for a period of one year and one day, with credit for four and one half months served. On March 16, 2005, then-Chief Judge Ambrose issued an order to show cause why a reciprocal order of suspension should not be entered by this Court. (Document No. 4). On February 27, 2009, after extensive briefing by the parties and a recommendation to the Board of Judges from this member of the Court, the Board of Judges entered an Order which suspended Hudak from the practice of law in this Court for a period of one year and one day with credit for four and one-half months served. (Document No. 18).

1

On November 23, 2010, Hudak filed the pending Petition for Reinstatement. Upon receipt of the Petition, the Court appointed attorney Samuel Napoli of the Office of Disciplinary Counsel ("ODC") of the Pennsylvania Disciplinary Board to perform an investigation and recommendation, in accordance with Local Rule 83.3(B)(1).

ODC filed an Answer to the Petition for Reinstatement (Document No. 33), in which it reported that Hudak's suspension in this Court was reciprocal to his suspension in Pennsylvania, and that Hudak had not yet filed a petition for reinstatement in the Supreme Court of Pennsylvania. ODC also reported that Hudak had not completed the mandated thirty-six (36) Continuing Legal Education ("CLE") credits, including at least twelve ethics credits, as required. ODC contended that Hudak should be reinstated to the state bar in Pennsylvania before being considered for reinstatement to the bar of this Court. Hudak filed a Reply (Document No. 34), in which he asserted that he had fulfilled his CLE requirements and contended that his reinstatement in this Court should not be dependent upon his admission status in the Pennsylvania Supreme Court.

The Pennsylvania Lawyers Fund for Client Security ("PLFCS") also filed a response to Hudak's Petition for Reinstatement (Document No. 38). The PLFCS reported that as a result of its investigation of claims made by former clients of Hudak, it determined that forty-one claimants had "incurred losses resulting from [Hudak's] dishonest conduct." The PLFCS did not espouse a position as to whether Hudak should be reinstated.

Hudak filed a motion to strike the responses of the ODC and PLFCS and a motion to disqualify attorney Napoli, which the Court denied. Attorney Napoli then conducted an investigation as to the Petition for Reinstatement and filed a twelve-page Report of Investigation

and Recommendation on March 10, 2011 under seal (Document No. 50). The investigation encompassed the status of civil and criminal cases filed against Hudak, including his bankruptcy proceeding, Hudak's employment since his suspension, and Hudak's moral fitness and learning in the law. Notably, although nine separate criminal charges were filed, Hudak was never convicted and no criminal actions are pending. Napoli reported that the debts which were discharged in Hudak's bankruptcy include payments made by PLFCS to his former clients and costs incurred by the Disciplinary Board associated with Hudak's suspension from the practice of law. Napoli reported that Hudak had not fulfilled his CLE requirements, but conceded that Hudak would be able to establish through named character witnesses that he had the moral and legal knowledge qualifications to practice law in Pennsylvania. Ultimately, Napoli recommended that reinstatement to the bar of the Supreme Court of Pennsylvania be made a prerequisite to reinstatement in this Court.

Hudak filed a response to the Report on March 28, 2011, in which he represented that he had completed additional CLE credits, which included ethics, and had completely fulfilled his requirements. Hudak also challenged the reciprocity recommendation. Upon review of these submissions, the Court determined that an evidentiary hearing was not "necessary" in accordance with Local Rule 83.3(G)(3). The Petition for Reinstatement is ripe for final determination.

Discussion

Pursuant to Local Rule 83.3(G)(3)(Reinstatement), it is a suspended attorney's burden to demonstrate by clear and convincing evidence "that he or she has the moral qualifications,

3

competency and learning in the law required for admission to practice law before this Court and that his or her resumption of the practice of law will not be detrimental to the integrity and standing of the bar or to the administration of justice, or subversive of the public interest." Upon receipt of a Petition for Reinstatement, the Judge assigned to the matter shall make a recommendation to the Board of Judges, which shall enter an appropriate order as determined by majority vote. *Id*. An attorney suspended for more than three months may not resume practice until reinstated by order of this Court. Local Rule 83.3(G)(1).

The dispositive issue in this reciprocal suspension case is whether reinstatement to the bar of the Supreme Court of Pennsylvania should be a prerequisite for Hudak's reinstatement to the bar of this Court. It is undisputed that Hudak has not been reinstated to the bar of the Supreme Court of Pennsylvania. The ODC emphasizes the fact that Hudak's suspension in this Court is reciprocal to his suspension in Pennsylvania. Accordingly, the ODC recommends that Hudak "should be required to first obtain reinstatement in Pennsylvania before being reinstated in this Court."

Hudak contends that reinstatement in Pennsylvania is not a prerequisite for reinstatement to the bar of this Court. Hudak contrasts this Court's Local Rule 83.3(G) with Local Rule 83.6 VII(C) of the United States District Court for the Eastern District of Pennsylvania, which expressly makes reinstatement in the state court a mandatory prerequisite:

> In the case where this Court has imposed discipline or otherwise taken adverse action identical to that imposed or taken by a state court or authority, any Petition for Reinstatement in this Court shall be held in abeyance until a Petition for Reinstatement to practice in the state court has been filed and finally decided.

4

Hudak reasons that the absence of similar language in the Local Rules of the Western District of Pennsylvania indicates that reinstatement to the Pennsylvania Supreme Court cannot be made a prerequisite to reinstatement to the bar of this Court.

This member of the Court is not persuaded by Hudak's contention. United States district courts possess the inherent authority to suspend and disbar the attorneys who appear before them. *In re Surrick*, 338 F.3d 224, 229 (3d Cir. 2003). "[E]ven in a reciprocal disciplinary proceeding arising following imposition of discipline in another court, a federal court has the power to determine who may be admitted to its bar." *In re Rodriguez*, 2008 WL 5273515 *7 (3d Cir. 2008) (unpublished) (*citing Surrick,* 338 F.3d at 230-31). This Court is not <u>required</u> to impose reciprocal discipline, but it is certainly <u>permitted</u> to do so. The United States Court of Appeals for the Third Circuit reviews district court decisions regarding attorney discipline for abuse of discretion. *Surrick*, 338 F.3d at 229.

This Court's existing Local Rule 83.3(G) provides sufficient authority and discretion to deny Hudak's Petition for Reinstatement until he is reinstated in Pennsylvania. Indeed, in a Memorandum Order dated July 30, 2007 in *In re Discipline of Price*, Misc. No. 99-224, this Court denied Price's petition for reinstatement "until such time as he is readmitted to the Bar of the Supreme Court of Pennsylvania." The United States Court of Appeals for the Third Circuit affirmed. *In re Discipline of Price*, 294 Fed. Appx. 743 (3d Cir. 2008) (unpublished). The Court of Appeals explained:

> the District Court has broad discretion to prescribe the conditions upon which an attorney may be admitted to practice before it and we cannot say that it was error for the Court to set as a minimum requirement for reinstatement that Price must

5

> meet a requirement of initial admission, including state bar admission. *See In re Kandekore*, 460 F.3d 276, 278-80 (2d Cir. 2006) (holding that a district court's order requiring readmission to the state bar as a condition of reinstatement to its own bar did not constitute an abuse of discretion).

*Id*. at 745. Thus, it is clear that it would not be an abuse of discretion to require Hudak to obtain readmission to the bar of the Supreme Court of Pennsylvania as a prerequisite for admission to the bar of this Court.

There is no compelling reason to waive reciprocal reinstatement under the facts and circumstances of this case. The original Report and Recommendation of the Pennsylvania Disciplinary Board contained extensive evidence of Hudak's misconduct, and suggested a multiple-year suspension. Similarly, Justice Eakin dissented from the Pennsylvania Supreme Court's decision because he felt that Hudak's suspension was not sufficiently lengthy. Moreover, even assuming, arguendo, that Hudak's debt to the PLFCS was discharged in bankruptcy, the fact remains that Hudak, personally, has not made any payments to reimburse the victims of his dishonest conduct. Local Rule 83.3(G)(6) authorizes this Court to make reinstatement conditional "upon the making of partial or complete restitution to parties harmed by the petitioner whose conduct led to the suspension or disbarment." Requiring Hudak to obtain readmission to the Pennsylvania bar would similarly reflect the harm caused to his victims.

A prerequisite of reinstatement to the Pennsylvania bar is also consistent with the text of Local Rule 83.2, which governs admission to practice in this Court generally. Local Rule 83.2(A)(2), which is entitled "Eligibility; Member in Good Standing," conditions admission to the bar of this Court on an attorney's: (1) eligibility to become a member of the Pennsylvania bar; (2)

membership in good standing of the Pennsylvania bar; or (3) membership in good standing of another federal district court. On the instant record, Hudak does not qualify under any of these eligibility standards, and therefore, he could not be initially admitted to practice in this Court. There is (and should be) a rigorous standard for a suspended attorney to earn the privilege of a return to practice, as reflected in the "clear and convincing evidence" standard incorporated in Local Rule 83.3(G)(3). It would certainly be anomalous to reinstate a suspended attorney who does not satisfy the conditions for initial admission to the bar of this Court.

In summary, Hudak appears to be able to satisfy several of the conditions for reinstatement, namely, that he has the requisite moral fitness, competency and learning in the law and has completed the required CLE credits. Nevertheless, reinstatement of Hudak to the bar of this Court without having been so recognized by the Supreme Court of Pennsylvania would be detrimental to the integrity and standing of the bar or to the administration of justice and subversive of the public interest.

In accordance with the foregoing, it is RECOMMENDED that the PETITION FOR REINSTATEMENT TO THE BAR OF THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF PENNSYLVANIA (Document No. 23) filed by suspended attorney Joseph Edward Hudak be **DENIED** and that he be required to obtain reinstatement to the bar of the Supreme Court of Pennsylvania as a prerequisite to reinstatement to the bar of this Court.

An appropriate Order follows.

McVerry, J.

cc: Joseph E. Hudak
P.O. Box 23423
Pittsburgh, PA 15222
Email: sjz138@aol.com

Samuel F. Napoli, Esquire
Office of Disciplinary Counsel
Email: Samuel.napoli@pacourts.gov

Thomas E. Reilly, Esquire
Email: lcrown@tomreillylaw.com